# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEFFREY L. CARTER,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

Case No. 24-CV-1051-JPS

**ORDER**

  On August 19, 2024, Petitioner Jeffrey L. Carter ("Petitioner") moved to vacate, set aside, or correct his revocation sentence pursuant to 28 U.S.C. § 2255. ECF No. 1. The Court will now screen Petitioner's motion.

**1. BACKGROUND**

  Petitioner's § 2255 motion arises from his criminal revocation proceedings before this Court in *United States v. Carter*, 09-CR-254-10-JPS (E.D. Wis.) ("Case No. 09-CR-254-10").[1]

  In September 2010, Petitioner pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine, 50 grams or more of cocaine base, and marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. CR-ECF Nos. 211, 366. The Indictment charged that the underlying conspiracy took place between at least 1996 and at least October 2008. CR-ECF No. 1 at 1. At the time of the filing of the Indictment, Petitioner was already in custody serving a 180-month sentence imposed by this Court in 2008, in an earlier case in which Petitioner was adjudged guilty following a jury trial of distributing less than 50 grams of cocaine

---

[1] Docket references thereto will be cited as CR-ECF.

base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. CR-ECF No. 340 at 3; *United States v. Carter*, 07-CR-54-JPS, ECF No. 62 (E.D. Wis. Feb. 11, 2008) ("Case No. 07-CR-54"). In April 2011 in Case No. 09-CR-254-10, then-Chief Judge Clevert imposed a total term of 106 months of imprisonment—later reduced to 86 months—to operate to run concurrently with the sentence imposed in Case No. 07-CR-54. CR-ECF Nos. 366, 451, 762. The sentence in Case No. 07-CR-54 was eventually reduced to 110 months. CR-ECF No. 846 at 4; Case No. 07-CR-54, ECF No. 112 (E.D. Wis. Sept. 10, 2015).

On May 17, 2024, Petitioner appeared before this Court in both Case No. 09-CR-254-10[2] and Case No. 07-CR-54 for a revocation hearing. CR-ECF No. 1121; Case No. 07-CR-54, ECF No. 124 (E.D. Wis. May 17, 2024). The Court revoked Petitioner's term of supervised release in both cases. *Id.* The Court imposed a five-month revocation sentence in Case No. 09-CR-254-10, to operate to run concurrently with the four-month revocation sentence imposed in Case No. 07-CR-54-JPS. CR-ECF Nos. 1121 at 1, 1122 at 5. Petitioner did not appeal his judgment of revocation or revocation sentence in either case.

On July 1, 2024, Petitioner filed a letter requesting that the Court award "prior custody time spent in official detention . . . to the revocation term of Case No[.] 09-CR-254-10." CR-ECF No. 1124 at 1. Specifically, he argued that he had received a sentence reduction in 2015 in Case No. 09-CR-254-10, but that he did not receive the full benefit of that reduction because he had already served "well over 85% of that sentence." *Id.*; *see also* CR-ECF No. 860 (December 2015 order reducing Petitioner's sentence to 69

---

[2]In advance of the revocation proceedings, Case No. 09-CR-254-10 was reassigned to this branch of the Court in April 2024. CR-ECF No. 1117.

months). Thus, he sought, citing the Bureau of Prisons' Program Statement § 5880.28, to apply that credit to his revocation sentence in Case No. 09-CR-254-10. CR-ECF No. 1124. The Court consulted with the U.S. Probation Office ("Probation") regarding Petitioner's request, and Probation informed the Court that

> [Petitioner] was already in custody at the time of the filing of the Indictment on October 15, 2009, in Docket No. 09CR254-10; he was serving his Court-ordered imprisonment term on Docket No. 07CR54. [Petitioner] was sentenced on Docket No. 07CR54 on February 11, 2008. In contacting the Bureau of Prisons, and reviewing [Petitioner's] filed letter and the ordered terms of imprisonment on both dockets (07CR54 and 09CR254-10), the Bureau of Prisons verified that [Petitioner's] assessment that he should have received time served credit towards the 2009 case is inaccurate because *all of the time that could be credited towards [Petitioner's] imprisonment term was credited to his sentence on Docket No. 07CR54. The Bureau of Prisons indicated [Petitioner] is not missing any additional time served credit towards Docket No. 09CR254-10*.

CR-ECF No. 1125 at 2 (emphasis added). The Court deferred to Probation's response and denied Petitioner's request on July 11, 2024. *Id.*

Petitioner now moves for the Court to vacate, set aside, or correct his revocation sentence in Case No. 09-CR-254-10 under 28 U.S.C. § 2255. ECF No. 1.[3]

2.  **SCREENING**

The Court must now screen Petitioner's motion pursuant to Rule 4 of the Rules Governing Section 2255 Cases. At the screening stage,

> [i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party

---

[3]Procedurally, a petitioner may move to vacate a revocation sentence under § 2255, just as he would an original, underlying sentence. *See generally, e.g., Cary v. United States*, No. 15-CV-1365, 2015 WL 5254313 (C.D. Ill. Sept. 8, 2015).

is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Section 2255 Proceedings. The Court accepts as true a petitioner's well-pleaded factual allegations but not any legal conclusions. *See Gibson v. Puckett*, 82 F. Supp. 2d 992, 993 (E.D. Wis. 2000) (citing *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976)). The Court ordinarily analyzes preliminary procedural obstacles, such as whether the petitioner has complied with the statute of limitations, avoided procedural default, and set forth cognizable claims. If those issues do not preclude a merits review of the claims, the Court directs the Government to respond to the motion.

### 2.1 Timeliness

The Court begins by addressing the timeliness of Petitioner's motion. Section 2255(f) provides a one-year period in which to file a motion. 28 U.S.C. § 2255(f). That period typically runs from the date on which the judgment of conviction becomes final. *Id.* "If a defendant does not appeal, his conviction becomes final when his opportunity to appeal expires." *Juarez v. United States*, No. 18-3309, 2022 WL 799066, at *2 (C.D. Ill. Mar. 15, 2022) (citing *United States v. Clay*, 537 U.S. 522, 524–25, 532 (2003)).

Petitioner's judgment of revocation was entered on May 17, 2024. CR-ECF No. 1122. Under Federal Rule of Appellate Procedure 4(b)(1)(A), Petitioner had fourteen days thereafter, or until May 31, 2024, to file his notice of appeal. Fed. R. App. P. 4(b)(1)(A). Thus, for purposes of § 2255(f), his judgment of revocation became final on May 31, 2024. He had one year

Page 4 of 8
Case 2:24-cv-01051-JPS   Filed 09/13/24   Page 4 of 8   Document 2

therefrom within which to file his motion. The Court is therefore satisfied for purposes of screening that Petitioner's motion is timely.

### 2.2 Procedural Default

The Court next considers whether Petitioner's claims suffer from procedural default. Section 2255 relief is appropriate if the Court determines that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). However, this form of action is not a substitute for a direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007) (citing *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996)). Therefore, any claims that a petitioner did not properly raise at trial or on direct appeal are typically procedurally defaulted, and he cannot raise them. *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008). Claims of ineffective assistance of counsel, however, may be raised for the first time in a § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

A liberal review of Petitioner's motion reveals one asserted ground for relief. Petitioner argues that his attorney during his revocation proceedings was constitutionally ineffective by failing to argue for the application of credit for time served during the revocation hearing and by failing to inform Petitioner of his rights regarding the same. ECF No. 1 at 3.

Petitioner again references the arguments that he presented to the Court in his July 1, 2024 letter, contending that, "[w]ithin the initial matter of [Case No.] 09-CR-254-10 . . . was the benefit of a sentence reduction," for which he did not receive the full time served credit. *Id.* at 2 (citing *United States v. Jackson*, 952 F.3d 492, 498 (4th Cir. 2020) ("Among other things,

BOP's regulations provide that '[a]ny prior custody time spent in official detention after the date of offense that was not awarded to the original sentence or elsewhere shall be awarded to the revocation term' when a defendant is sentenced to a term of incarceration for violating his supervised release.")).

Because ineffective assistance of counsel claims may be raised for the first time in a § 2255 motion, Petitioner's ground for relief is not procedurally defaulted. *See Massaro*, 538 U.S. at 504.

### 2.3 Cognizable Claims

Having determined that Petitioner's sole ground for relief does not fail on the statute of limitations or procedural default, the Court considers whether it is cognizable and non-frivolous.

As noted, the Bureau of Prisons verified that Petitioner has already received all time served credit that he was owed and that he "is not missing any additional time served credit towards Docket No. 09CR254-10," which Probation confirmed and relayed to the Court. CR-ECF No. 1125 at 2. The instant motion is simply a regurgitation of the same argument that the Court has already found to be meritless.

It is true that "if a defendant's term of incarceration is partially vacated and as a result the defendant has served more time than necessary, the defendant may credit the excess time against future revocations of his supervised release term under the same sentence." *Jackson*, 952 F.3d at 498. The Court understands Petitioner to argue that the December 2015 sentence reduction to 69 months in Case No. 09-CR-254-10 means that he had already served more time towards that sentence than he should have, and specifically that his counsel was ineffective for failing to raise this issue during the revocation proceedings. However, Petitioner neglects the fact

Page 6 of 8
Case 2:24-cv-01051-JPS   Filed 09/13/24   Page 6 of 8   Document 2

that he was already serving the longer concurrent sentence—also reduced to 110 months—in Case No. 07-CR-54. In connection with the instant § 2255 motion, the Court has again reviewed the record in both cases, and the Bureau of Prisons' and Probation's account—that all credit went to Case No. 07-CR-54—aligns with the intent of the judges in Case No. 09-CR-254-10 to grant reductions in that case to ensure that the longer sentence in Case No. 07-CR-54 controlled Petitioner's release date. CR-ECF Nos. 846, 859. Thus, the Court must conclude that Petitioner's ground for relief is non-cognizable and frivolous, and it will accordingly deny Petitioner's § 2255 motion and dismiss this case with prejudice.

3. **CONCLUSION**

For the reasons stated above, the Court finds Petitioner's sole ground for relief to be without merit, and his motion to vacate his revocation sentence must be denied.

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). No reasonable jurists could debate whether the motion has merit. The Court must, therefore, deny Petitioner a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Petitioner Jeffrey L. Carter's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, ECF No. 1, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 13th day of September, 2024.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.